# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00206-CV

---

### In re Capital Iron Works and Gonzalez Iron Works

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relators Capital Iron Works and Gonzalez Iron Works (collectively, Iron Works Parties) filed an emergency motion for temporary stay of trial set for March 25, 2025, and a petition for writ of mandamus challenging the trial court's orders denying their second and third motions for continuance. For the reasons explained below, we grant the emergency motion for temporary stay of trial, and we conditionally grant the petition for writ of mandamus.

### BACKGROUND

This is the second original proceeding arising out of the underlying construction-defect lawsuit that this Court has considered. *See In AJT Industries, LLC d/b/a Prestige Builders*, No. 03-24-00570-CV, 2024 WL 5147774, at *1 (Tex. App.—Austin Dec. 18, 2024, orig. proceeding). In the underlying suit, Escondera Condominium Owners Association, Inc. sued AJT Industries, LLC d/b/a Prestige Builders for construction defects, and Prestige in turn filed third-party petitions against a number of subcontractors. *Id.* at *1. In the

*In re Prestige* mandamus proceeding, the Court held that the trial court abused its discretion by effectively ordering a severance of Prestige's claims against the Iron Works Parties. *Id.*

As explained in more detail in *In re Prestige*, Prestige added the Iron Works Parties (identified as the Gonzalez Third Parties in that proceeding) as third-party defendants shortly before the joinder deadline, asserting claims against them for negligence, breach of express and implied warranties, breach of contract, contribution and liability apportionment. *See id.* at \*1-2. After timely answering, the Iron Works Parties filed their first motion for a continuance in July 2024 because the discovery deadline was about to expire on August 9. Instead, at Escondera's request, the trial court bifurcated Prestige's claims against the Iron Works Parties, and left the September 9, 2024 trial date in effect for the other parties and claims. On August 28, Prestige filed an emergency motion to stay the trial date, which we granted, and a mandamus petition, which we conditionally granted on December 18, 2024.

Although we stayed the trial date, other proceedings continued in the trial court while *In re Prestige* was pending in this Court. Those trial-court proceedings are the basis for the Iron Works Parties' petition for writ of mandamus. The Iron Works Parties challenge the trial court's orders denying their second and third motions for continuance, asserting that they were deprived of the opportunity to conduct any discovery on one of Prestige's claims against them, its contribution claim, because of the timing of those proceedings.

After the Iron Works Parties had answered and filed their first motion for continuance in late July, on August 9 (the discovery deadline), they filed a motion for summary judgment against Prestige's claims for negligence, breach of implied warranties, and contribution on the ground that the claims were barred by the statute of limitations. The trial court set the summary-judgment hearing for October 3 (which at that point was after the trial date, which was

then scheduled for September 9). After this Court had stayed the trial date, on October 21, the trial court granted the Iron Works Parties' motion for partial summary judgment and dismissed the "negligence and contribution claims," leaving only Prestige's contractual claims against them.[1] On October 30, the trial court signed a new agreed scheduling order extending the discovery deadline to January 15, 2025, and trial to March 24, 2025.[2]

In November, both the Iron Works Parties and Prestige filed motions to clarify the October summary-judgment order, and Prestige also sought to reinstate the dismissed contribution claim. On December 11, the Iron Works Parties served discovery on Prestige on only the remaining breach-of-contract claims.

On January 8, 2025, the Iron Works Parties filed a second motion for continuance, asserting they were unable to adequately prepare for trial because of the timing of the trial and the outstanding motions to clarify. The Iron Works Parties argued that they were unable to properly designate witnesses because they did not know which claims would be litigated. The trial court orally denied that motion but has not signed a written order. Discovery closed on January 15.

On January 23, one week after discovery closed, the trial court ruled on the motions to clarify, dismissing Prestige's claims for negligence and breach of implied warranties, but reinstating the contribution claim. Thus, the discovery period closed without the Iron Works Parties having had the opportunity to conduct discovery on the contribution claim after the trial court signed the new agreed scheduling order on October 30.

---

[1] The order mistakenly dismissed the Iron Works Parties, and they no longer had access to the court's docket for several weeks until they filed a Notice of Error in Dismissal on November 13 to be reinstated into the lawsuit.

[2] The current trial setting is March 25, 2025.

On March 11, the Iron Works Parties filed a third motion for continuance, arguing that they have not had a reasonable opportunity to redepose several deposition witnesses, including one fact witness and three expert witnesses, "concerning testimony potentially implicating [the Iron Works Parties'] scope of work." The witnesses were all deposed before the Iron Works Parties' appearance in the case. In their motion, the Iron Works Parties argued as follows:

> These witnesses each discuss facts or provide opinions related to the [Iron Works Parties'] scope of work, and the redeposition of these witnesses would provide [the Iron Works Parties] the opportunity to cross-examine them to obtain factual bases for their defenses asserted in this lawsuit, including, but not limited to contributory negligence, new and intervening cause, waiver, and the economic loss rule.

In his affidavit attesting to what occurred at the hearing, the Iron Works Parties' counsel states that in addition to arguing that a continuance should be granted "because discovery on the contribution claim needed to be conducted," he argued that "additional discovery would be needed to evaluate and designate experts with regard to this claim, and additional and equitable time was needed to review the extensive and substantive document production that had already taken place, including the cross-examination of witnesses that were deposed prior to my clients' appearance in the suit." The trial court orally denied the Iron Works Parties' motion for continuance on March 14. Counsel attested that the trial court acknowledged on the record the difficulty of trying the case in light of the outstanding issues. The Iron Works Parties also inform the Court in their emergency motion that the trial court scheduled the parties for an additional back-up trial setting on June 2, 2025.

4

## ANALYSIS

The Iron Works Parties contend that the trial court abused its discretion by denying its two motions for continuance in which they sought time for discovery on a claim that had been previously dismissed by the trial court and had not been reinstated until after the close of the extended discovery period. The Iron Works Parties argue that the trial court's denial of the motions for continuance violates Texas Rule of Civil Procedure 190.5 and that this discovery error severely compromises their ability to present a viable defense to Prestige's contribution claim. *See* Tex. R. Civ. P. 190.5 (establishing circumstances in which "court must allow additional discovery"). In addition, they argue that this denial of discovery, which prevents them from developing the merits of their defense, is the type of "denial of discovery going to the heart of a party's case" that renders an appellate remedy inadequate. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) (original proceeding). We agree.

Prestige's contribution claim against the Iron Works Parties did not exist during the discovery period. When the claim was revived after the close of discovery, the trial court abused its discretion by denying the Iron Works Parties' third motion for continuance. Rule 190.5 governs when a trial court may modify a discovery-control plan to allow additional discovery.

Rule 190.5 provides as follows:

> The court may modify a discovery control plan at any time and must do so when the interest of justice requires. Unless a suit is governed by the expedited actions process in Rule 169, the court must allow additional discovery:
>
> (a)    related to new, amended or supplemental pleadings, or new information disclosed in a discovery response or in an amended or supplemental response, if:

5

(1) the pleadings or responses were made after the deadline for completion of discovery or so nearly before that deadline that an adverse party does not have an adequate opportunity to conduct discovery related to the new matters, and

(2) the adverse party would be unfairly prejudiced without such additional discovery;

(b) regarding matters that have changed materially after the discovery cutoff if trial is set or postponed so that the trial date is more than three months after the discovery period ends.

Tex. R. Civ. P. 190.5. In effect, by reinstating Prestige's contribution claim against the Iron Works Parties after the close of discovery, Prestige's pleading was amended, and the Iron Works Parties did not have an adequate opportunity to conduct discovery related to the claim and they would be unfairly prejudiced without that additional discovery.[3] Accordingly, the trial court was required to allow the additional discovery, and it abused its discretion by denying the third continuance motion to allow the Iron Works Parties time to conduct additional discovery. We also hold that the Iron Works Parties have established that the denial of this discovery would prevent them from developing the merits of their defense and that the discovery goes to the heart of their case, rendering any appellate remedy inadequate. *See, e.g.*, *Walker*, 827 S.W.2d at 843.

**CONCLUSION**

Having held that the trial court abused its discretion by denying the Iron Works Parties' third motion for continuance and that the Iron Works Parties lack an adequate appellate remedy, we grant the emergency motion for temporary relief and stay the March 25, 2025 trial

---

[3] In its response to the Iron Works Parties' mandamus petition, real party in interest Escondera contends that the Iron Works Parties have not adequately shown that the discovery they seek in connection with defending against the contribution claim differs from the discovery needed for their breach-of-contract claims and that they failed to exercise due diligence. We disagree.

6

date. We conditionally grant the petition for writ of mandamus, and we order the trial court to vacate its order denying the Iron Works Parties' third motion for continuance and to continue the March 25, 2025 trial setting. We are confident that the trial court will comply, and our writ will issue only if it does not.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Filed: March 21, 2025